UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

MARIUSZ LORENC, individually and on behalf
of others similarly situated,

                              Plaintiffs,

-against-

CENTENNIAL ELEVATOR INDUSTRIES, INC.,
JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, and
AUTOMATIC DATA PROCESSING, INC.,

                              Defendants.

------------------------------------------------------------ X

18-cv-2068

**COLLECTIVE AND
CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiff Mariusz Lorenc, and others similarly situated, by their undersigned attorneys, for their Complaint against Defendants, allege as follows:

## INTRODUCTION

      1.      This is a class and collective action for monetary and other relief brought by Plaintiff, individually and on behalf of other employees of Defendants under Section 16 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216, and Sections 198 and 663 of the New York Labor Law ("Labor Law").

## JURISDICTION AND VENUE

      2.      The jurisdiction of this Court is invoked pursuant to Section 16 of the FLSA, 29 U.S.C. § 216 (b), and Sections 1331 and 1367 of Title 28 of the United States Code.

      3.      This action is brought in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Marius Lorenc was employed by Defendants Centennial Elevator Industries, Inc. ("Centennial"), John Doe 1, John Doe 2, and John Doe 3 as a Grade A Elevator Mechanic from April of 2004 through June of 2017.

5. Plaintiff worked in the field as a Modernization Mechanic. During his last year of employment with Defendants, he was promoted to Superintendent.

6. Plaintiff's duties included, but were not limited to, servicing, repairing, testing, and performing periodic maintenance to elevators. In addition, Plaintiff was a Superintendent, which required him to supervise the work of other elevator mechanics. Plaintiff also worked in the field as a Modernization Mechanic.

7. Plaintiff was an "employee" within the meaning of Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1), and Section 190(2) of the Labor Law.

8. Defendant Centennial has its principal place of business at 25-35 47th Street, Astoria, New York 11103.

9. Defendant Centennial is a company that specializes in the modernization, maintenance, servicing, repair, and testing of elevators.

10. Defendant Centennial employs approximately 250 individuals such as technicians, mechanics, and other employees who service elevators.

11. The gross volume of Defendant Centennial's revenue exceeds $70,000,000.00 annually.

12. Defendants John Doe 1, John Doe 2, and John Doe 3 are co-owners of Centennial.

13. Defendants John Doe 1, John Doe 2, and John Doe 3 are the final arbiters of and personally direct whom is hired and fired at Centennial, what wages are paid at Centennial, the

policies under which records are kept at Centennial, and the standards under which employees work at Centennial.

14. Defendants John Doe 1, John Doe 2, and John Doe 3 are employers within the meaning of Section 190(3) of the Labor Law and Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15. Defendant Automatic Data Processing ("ADP") is a payroll processing company, which contracts to perform payroll services for Centennial.

16. Defendant ADP has its principal place of business at One ADP Boulevard, Roseland, New Jersey 07068.

## **CLASS ACTION ALLEGATIONS**

17. Plaintiff brings his state law causes of action on behalf of a class of similarly situated employees, to wit, non-managerial employees of Defendants Centennial, John Doe 1, John Doe 2, and John Doe 3, who are owners of Centennial, who within the last six years were not paid overtime wages or the "spread" required by New York Law.

    a. The class is so numerous that joinder of all members is impracticable;

    b. There are questions of law or fact common to the class;

    c. The claims or defenses of the representative parties are typical of the claims or defenses of the class;

    d. The representative parties will fairly and adequately protect the interests of the class;

    e. Inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for the parties opposing the class;

    f. Adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; and

    g. The parties opposing the class have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## COLLECTION ACTION ALLEGATIONS

18. Plaintiff also brings this action as a collective action. Each person similarly situated to the Plaintiff who affirmatively opts into this action by filing a Notice of Consent was also employed by one or all of the Defendants within the three years prior to this complaint being filed, worked in excess of eight consecutive hours per day, and/or were not paid overtime wages. Each person similarly situated to Plaintiff who affirmatively opts into this action by filing a Notice of Consent performed duties which included, but were not limited to, servicing, repairing, testing, modernizing, and performing periodic maintenance to elevators. This action is brought on behalf of Plaintiff above-named and all persons similarly situated who chose to opt in under procedures applicable to wage and hour claims, as determined by the Court.

## FACTS RELEVANT TO ALL CLAIMS

19. The employment relationship between Plaintiff and Defendants Centennial, John Doe 1, John Doe 2, and John Doe 3 was governed by a employment contract between Plaintiff and Defendants. That contract provided for an hourly rate of pay.

20. Plaintiff Mariusz Lorenc generally worked in excess of 60 hours in a workweek at a rate of $49 per hour, without being paid one and one-half times his hourly wage for hours worked during a single workweek in excess of 40 hours. Instead, Plaintiff was only paid his

regular hourly wage for all of the hours he worked, including those in excess of 40 hours during a single workweek. On most days, Plaintiff Mariusz Lorenc worked more than ten hours in one day but was not paid one hour of bonus pay at the minimum wage rate for each day he worked more than ten hours.

21. Defendant ADP was hired by Defendants Centennial, John Doe 1, John Doe 2, and John Doe 3 to handle Centennial's payroll processing needs with respect to Plaintiff Mariusz Lorenc and other similarly situated employees.

22. As the processors of Defendant Centennial's payroll, Defendant Centennial contracted with Defendant ADP to report the hours and wages of Centennial employees.

23. Defendant ADP had a responsibility to Plaintiff Mariusz Lorenc and each member of the class of similarly situated employees as third-party beneficiaries to the contract between Defendants Centennial and ADP, not to simply process employees' hours and wages, but to calculate and pay those wages in accordance with the law. ADP negligently processed 60 hours of pay on numerous occasions without calculating and paying overtime required under state and federal law.

24. The allegations set forth above are incorporated by reference into the causes of action below.

## FIRST CAUSE OF ACTION
### (FLSA Overtime)
### (Collective Action Against Centennial and John Does 1, 2, and 3)

25. Defendants Centennial, John Doe 1, John Doe 2, and John Doe 3 have violated Section 7 of the FLSA, 29 U.S.C. § 207, by failing to pay Plaintiff and Plaintiff's class at one and one-half times their regular rate of pay for each hour they worked in excess of 40 during a workweek. Defendants' failure to pay Plaintiff and Plaintiff's class members time and a half for

their overtime hours worked was willful within the meaning of the FLSA. Defendants are liable to Plaintiff and Plaintiff's class in the amount of the unpaid compensation, plus liquidated damages in the amount of the unpaid compensation.

## SECOND CAUSE OF ACTION

**(New York Overtime)**
**(Class Action Against Centennial and John Does 1, 2, and 3)**

26.     Pursuant to New York Labor Law §§ 198 and 663, Defendants Centennial, John Doe 1, John Doe 2, and John Doe 3 are liable to Plaintiff and Plaintiff's class in the amount of compensation they were entitled by New York Labor Law § 652 and by New York Compilation of Codes, Rules and Regulations, Title 12, Section 142-2.1, to receive but were, in fact, not paid, plus liquidated damages equal to 100 percent of the total amount of the wages found to be due.

## THIRD CAUSE OF ACTION

**(Spread of Hours)**
**(Class Action Against Centennial and John Does 1, 2, and 3)**

27.     Pursuant to New York Labor Law §§ 198 and 663, Defendants Centennial, John Doe 1, John Doe 2, and John Doe 3 are liable to Plaintiff and Plaintiff's class in the amount of compensation they were entitled by Labor Law §§ 650 *et seq.* and New York Compilation of Codes, Rules and Regulations, Title 12, Section 142-2.4, to receive but were, in fact, not paid by Defendants failing to pay Plaintiff and Plaintiff's class the required daily spread-of-hours compensation, for each day they worked more than ten hours, plus liquidated damages equal to 100 percent of the total amount of the wages found to be due.

## FOURTH CAUSE OF ACTION
### (Negligence)
### (Class Action Against ADP)

28. Defendant ADP acted negligently with regard to Plaintiff Mariusz Lorenc and his class. As a third-party beneficiary to the contract between Defendants Centennial and ADP, Defendant ADP breached its duty to Plaintiff and Plaintiff's class to pay their hours and wages accurately and with regard to each hour worked, including those Plaintiff and Plaintiff's class worked in excess of 40 hours in a single workweek, which should have been compensated at a rate of one and one-half times their regular rate of pay. Defendant ADP is liable to Plaintiff and Plaintiff's class for 100 percent of the total amount of wages found to be due to Plaintiff and his class for its failure to accurately record Plaintiff and his class' overtime wages.

## TRIAL BY JURY

29. Plaintiffs request a trial by jury on all claims asserted herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court:

1. Certify Plaintiff as representative of a class of persons similarly situated for litigation of the state law claims;

2. Enter such orders as are necessary to certify this case as a collective action under the Fair Labor Standards Act;

3. Order Defendants to make a complete accounting to Plaintiff and his class of the hours that they worked on a weekly basis and of all payments Plaintiffs received in compensation for the six-year period preceding the commencement of this action;

4. Order Defendants to pay to Plaintiff and his class all unpaid wages due and owing because of Defendants' failure to compensate Plaintiffs at a rate of time and one-half their

regular rate of compensation for each hour worked in excess of 40 during each workweek, and one hour of pay at the minimum wage for each day each worked more than ten hours;

     5.     Order Defendants to pay liquidated damages pursuant to the FLSA, 29 U.S.C. § 216(b), Labor Law §§ 198 and 663, and any other applicable statute, rule, or regulation;

     6.     Order Defendants to pay Plaintiff and Plaintiff's class' reasonable attorneys' fees, costs, and prejudgment interest; and

     7.     Grant Plaintiff and his class such other and further relief as the Court deems proper and just.

Dated: New York, New York
       April 6, 2018

ADVOCATES FOR JUSTICE,
CHARTERED ATTORNEYS
Attorneys for Plaintiffs

By: _____/s/_____
    Arthur Z. Schwartz (AS-2683)
225 Broadway, Suite 1902
New York, New York 10007
(212) 285-1400
aschwartz@afjlaw.com