UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MARIUSZ LORENC, *individually and on behalf of others similarly situated*,

                    Plaintiff,

               -against-                        **MEMORANDUM AND ORDER**
                                                   18 CV 2068 (CBA) (CLP)

CENTENNIAL ELEVATOR INDUSTRIES, INC., *et al.*,

                    Defendants.
----------------------------------------------------------X

**POLLAK**, United States Magistrate Judge:

      On April 6, 2018, plaintiff Mariusz Lorenc ("plaintiff") filed this action, individually and on behalf of others similarly situated, against defendants Centennial Elevator Industries, Inc., John Does 1-3, and Automatic Data Processing, Inc.,[1] seeking unpaid overtime wages and spread-of-hours pay pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL") § 650 et seq. The parties consented to the undersigned for the purpose of this motion.

      On December 12, 2018, the parties appeared before this Court having reached a settlement of this matter, the terms of which were set forth on the record during the proceeding to approve the Settlement Agreement as fair and reasonable under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), cert. denied, 136 S. Ct 824 (2016).

      For the reasons set forth in this Order, the Court approves the parties' settlement as fair and reasonable.

---

[1] Plaintiff dismissed the action against Automatic Data Processing, Inc., on June 26, 2016.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Lorenc alleges that he was employed as a modernization mechanic for defendant Centennial Elevator Industries, which specializes in the modernization, maintenance, servicing, repair, and testing of elevators. (Compl.[2] ¶ 9; Mem.[3] at 1). Plaintiff claims that he was employed from April 2004 until June 2017, and his duties included servicing elevators. (Compl. ¶ 6; Mem. at 2). According to plaintiff, he regularly worked more than 60 hours per week. (Compl. ¶ 20). He claims that he worked at a rate of $49 per hour, and was not paid one and one half times his hourly wage for hours worked during a single week in excess of 40 hours. (Id.; Mem. at 2). Plaintiff also alleges that he did not receive spread-of-hours pay when he worked more than ten hours in a work day. (Mem. at 2).

The parties reached a settlement for a total of $20,000, of which plaintiff's attorney would receive $6,666.66 in fees costs, with plaintiff receiving the remaining $13,334.34. (Id. at 5).

For the reasons set forth below, the Court approves the settlement agreement as fair and reasonable.

## DISCUSSION

I. Legal Standards

In considering whether to approve an FLSA settlement, courts consider whether the agreement "reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 U.S. Dist. LEXIS 46174, at *1-2 (E.D.N.Y. June 12,

---

[2] Citations to "Compl." refer to plaintiff's Complaint, filed on April 6, 2018, ECF No. 1.
[3] Citations to "Mem." refer to the Memorandum of Law in Support of the Parties' Joint Motion for Judicial Approval of the Settlement Agreement, filed on November 16, 2018, ECF No. 27.

2008); accord Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation"). Courts have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations omitted); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *2-3 (E.D.N.Y. Jan. 25, 2018) (endorsing the factors from Wolinsky).

II. Settlement Amount

The parties propose a total settlement amount of $20,000. (Mem. at 5). In reaching this settlement, plaintiff acknowledges that there were a number of issues that, depending on how they were resolved, could adversely affect his ability to recover. For example, defendant argued that it paid plaintiff time and a half on all overtime wages, including hours worked over forty, hours worked over eight in a single workday, and hours worked on a weekend or holiday. (Id. at 2). Moreover, defendant kept records of plaintiff's hours, and defendant asserted that the time shown on his paycheck was meant to reflect bonus pay, rather than pay for time actually worked, which may have increased plaintiff's regular rate for the purposes of calculating overtime. (Id. at 4).

3

In analyzing the reasonableness of the total settlement amount, the Court also considered plaintiff's calculation that he is entitled to $17,998.60 in unpaid wages and $17,998.60 in liquidated damages, for a total of $35,997.20, exclusive of interest, attorneys' fees, and costs. (Id. at 3). Defendant claims that plaintiff may have been entitled to $4,114.69 for unpaid overtime wages, and $8,229.38 if liquidated damages were included. (Id. at 4).

With respect to plaintiff's counsel's request for fees, plaintiff's counsel requests one third of the settlement amount, or $6,666.66. Plaintiff's counsel explains that he accrued over 25 billable hours and notes that his rate for persons other than low-income clients is $500 an hour, for a total lodestar of $12,500. (Id. at 7). According to plaintiff's counsel, the amount of $6,666.66 represents the approximate compensation for 19 hours of work at a rate of $350.00 per hour, the rate he charges his union clients. (Id.) Upon reviewing the parties' submission, the Court finds the request for attorney's fees and costs is reasonable.

With respect to the terms of the agreement, although the Settlement Agreement contains a general release, the Court notes that it is a mutual general release, which has been approved by courts in this Circuit. (Sett. Agr.[4] §§ 4, 5); see Souza v. 65 St. Marks Bistro, No. 15 CV 327, 2015 WL 7271747, at *5 (S.D.N.Y. Nov. 6, 2015). Moreover, although there is a non-disparagement provision, the provision includes a carve-out for truthful statements. (Sett. Agr. § 6); see Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 180 n.65 (S.D.N.Y. 2015) (noting that a non-disparagement provision "must include a carve-out for truthful statements about [a plaintiff's] experience litigating [his] case").

In this case, after holding a fairness hearing and reviewing the parties' submission, the

---

[4] Citations to "Sett. Agr." refer to the Settlement Agreement and Mutual Release, attached to the parties' memorandum as Exhibit "1," filed on November 16, 2018.

4

Court finds that the settlement reached is a fair and reasonable compromise of the plaintiff's claims, considering the amount received, the issues of potential liability that might have limited recovery, and the fact that the parties engaged in arms' length negotiations among experienced counsel sufficient to gain an understanding of the risks and benefits of proceeding with the litigation. Cf. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 335 (examining the factors courts consider when approving FLSA settlement agreements). The Court also finds that the attorneys' fees are reasonable based on the contingency fee percentage supported by case law in this district, and the lodestar crosscheck. Moreover, the Court is sufficiently familiar with the proceedings in this action to assess the fairness of the settlement, having supervised discovery.

The parties shall file a stipulation of dismissal with prejudice by **January 18, 2019**.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED**.

Dated: Brooklyn, New York
December 17, 2018

/s/ Cheryl Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

5